IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUCY S.,                              *
                                      *
            Plaintiff,                *
                                      *
     vs.                              *          Civil Action No.  ADC-21-465
                                      *
KILOLO KIJAKAZI,                      *
Acting Commissioner,                  *
Social Security Administration        *
                                      *
            Defendant.                *
                                      *

     * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On February 23, 2021, Lucy S. ("Plaintiff" or "Claimant") petitioned this Court to review

the Social Security Administration's ("SSA") final decision to deny her claims for Disability

Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title

XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant

filed cross-motions for summary judgment (ECF Nos. 11, 12) on August 31, 2021 and November

9, 2021, respectively.[1] Plaintiff further responded in opposition to Defendant's Motion on

December 7, 2021. ECF No. 15. After considering the parties' motions and the response thereto,

the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that

follow, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion

for Summary Judgment (ECF No. 12) is DENIED, the SSA's decision is REVERSED, and the

case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] This case was assigned to United States Magistrate Judge A. David Copperthite for all
proceedings on December 31, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and
302. ECF No. 4.

## PROCEDURAL HISTORY

On September 12, 2018, Plaintiff filed both a Title II application for DIB and a Title XVI application for SSI, alleging disability since May 15, 2015. ECF No. 10-3 at 15. Her claim was denied initially on May 2, 2019, and upon reconsideration on August 26, 2019. *Id.* Subsequently, Plaintiff requested a hearing, and on August 27, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On September 23, 2020, the ALJ rendered a decision that Plaintiff was not disabled under the Act. *Id.* at 28. Plaintiff then requested a review of the ALJ's decision, which the Appeals Council denied on January 7, 2021. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§ 404.981, 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On February 23, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability applications. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not

2

"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB or SSI, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made,

the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence

shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second step, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support the claimant's subjective evidence of pain "improperly increase[s] [his] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is

other work that the claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, she is not disabled. If the claimant cannot perform other work, she is disabled.

**ALJ DETERMINATION**

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 15, 2015. ECF No. 10-3 at 17. At step two, the ALJ found that Plaintiff had severe impairments of depressive disorder, anxiety disorder, and somatic disorder. *Id.* at 18. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 29. The ALJ then determined that Plaintiff had the RFC: "[T]o perform a full range of work at all exertional levels, but with the following non-exertional limitation: is able to perform simple routine tasks." *Id.* at 21. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. *Id.* at 26. And finally, at step five, the ALJ found that there were "jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," given her age, education, work experience, and RFC. *Id.* Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in [the Act]." *Id.* at 27.

**DISCUSSION**

On appeal, Plaintiff argues that the ALJ failed to account for her moderate limitations in maintaining concentration, persistence, or pace in her RFC. ECF No. 11-1 at 10–11. In particular, Plaintiff contends that the ALJ's decision ran afoul of *Mascio* because once an ALJ finds a

6

moderate limitation in maintaining concentration, persistence, or pace, he must either "include a corresponding limitation in his RFC assessment or explain why no such limitation is necessary." *Id.* at 11. In response, Defendant contends that the ALJ identified evidence in the record to support his RFC assessment and his conclusion that further limitations were not warranted. ECF No. 12-1 at 6. For the reasons that follow, I find Plaintiff's argument compelling.

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

The United States Court of Appeals for the Fourth Circuit concluded that remand is proper where the ALJ failed to explain why a Plaintiff's "moderate limitation in concentration, persistence, or pace" did not translate into a limitation in Plaintiff's RFC. *Mascio*, 780 F.3d at 638. "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for [Plaintiff's] limitation in concentration, persistence, or pace." *Id.* "Pursuant to *Mascio*, once an ALJ has made a step three finding that [Plaintiff] suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is

7

necessary." *Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D.Md. May 19, 2015), *report and recommendation adopted* (D.Md. June 5, 2015).

It is not a "categorical rule" that the ALJ must always include the moderate limitation in an RFC; instead, the ALJ must only address the mental limitations in the RFC or provide an explanation for omitting it. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit explained that the ALJ at issue, unlike in *Mascio*, addressed the plaintiff's disability, "including her moderate limitations in concentration, persistence, or pace," and explained why evidence of the record supported the specific identified limitation. *Id.* at 122. The ALJ's finding with regard to the plaintiff's mental limitation and her RFC were thus "sufficiently explained and supported by substantial evidence in the record." *Id.*

Here, the ALJ failed to "build an accurate and logical bridge" from Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace to her RFC. *See Monroe*, 826 F.3d at 189. At step three, the ALJ concluded that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace, explaining that "the record evidence supports [Plaintiff] having a moderate limitation in this area." ECF No. 10-3 at 20. However, the ALJ then failed to explain why limiting Plaintiff to simple, routine tasks would accommodate her moderate limitations or why a limitation was not needed. *See* ECF No. 10-3 at 21–26. This mirrors the failure in *Mascio*: the Fourth Circuit explained that an ALJ may not account for such moderate limitations by restricting Plaintiff to "simple, routine tasks," because such ability "differs from the ability to stay on task." 780 F.3d at 638.

Moreover, Defendant's contention that the ALJ identified evidence in the record to show why additional limitations were not necessary, as in *Shinaberry*, is not compelling. ECF No. 12-1 at 6. The ALJ analyzed Plaintiff's abilities and concluded that Plaintiff's assessment of the

intensity, persistence, and limiting effects of her symptoms were inconsistent with the record, *see* ECF No. 10-3 at 22, but he failed to explain how Plaintiff's abilities, in light of her moderate limitation, supported her "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis." *See* SSR 96-8p, 1996 WL 374184, at *7. Unlike in *Shinaberry*, the ALJ here did not explain that he was accommodating Plaintiff's *specific* limitations with only a limitation to simple, routine tasks. *See* 952 F.3d at 122. Instead, he broadly stated that "in light of [Plaintiff's] reported symptoms, she is limited to simple routine tasks as the totality of the evidence of record does not support the presence of additional limitations." ECF No. 10-3 at 26. In short, the ALJ failed to provide any discussion linking Plaintiff's moderate limitations in concentrating, persisting, or maintaining pace to the RFC or explain why no such limitation was needed. *See Shinaberry*, 952 F.3d at 121. Accordingly, "remand is in order." *See Mascio*, 780 F.3d at 638.

**CONCLUSION**

The Court thus concludes that the ALJ failed to provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendant's Motion for Summary Judgment (ECF No. 12) are DENIED. The decision of the SSA is REVERSED due to inadequate analysis. This case is REMANDED for further proceedings in accordance with this opinion.

Date: 13 January 2022

A. David Copperthite
United States Magistrate Judge